WM. HAZEN, PL'F IN ERROR, VS. THE STATE, DFT. IN ERROR. C. J. BLADE, PL'F IN ERROR, VS. THE STATE, DFT. IN ERROR. HENRY BOHLEN, PL'F IN ERROR, VS. THE STATE, DFT. IN ERROR.

Persons keeping and running "keno" tables without having procured a license and paid a license tax are guilty of a misdemeanor, and should be punished, on conviction, by a fine, as is provided in Section 12 of Chapter 3099 of the Laws of 1879.

Writs of Error to the Circuit Court for Duval county.

The facts are stated in the opinion and in the preceding case of Overby vs. The State.

*T. A. McDonell* for Plaintffs in Error.

*The Attorney-General* for The State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

These three cases are here upon writs of error, the defendants having been severally indicted under the gaming law of 1839 (Thomp. Dig., 500, 1,) for keeping a keno table,

the errors assigned in each individual case being the same as assigned in the case of "The State of Florida vs. William C. Overby," decided at this term of this court. They all justified under the one license issued to the said William C. Overby, and numbered 774.

The evidence shows that they were copartners of the said Overby, and that they all occupied the same room in the City of Jacksonville, each having a different table. The law under which they were severally indicted provides that a license should be taken out for each table. We have, however, held that the law of 1839 was amended by the law of 1879 so as to legalize the playing of "keno," and that the person or persons running such game must procure a license and pay a license tax. If they do not so procure a license they are guilty of a misdemeanor, and, upon conviction, should be punished by a fine, as provided in §12 of Chapter 3099, Laws of 1879.

For the reasons assigned in the case of The State vs. Overby these three several judgments must be arrested, and such is the order of this court.